**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **DODOCASE, INC.,** <br> **Plaintiff,** <br> **v.** <br> **DGL GROUP LLC and DGL GROUP LTD.,** <br> **Defendants.** | **Case No.:** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DODOcase, Inc. complains of Defendants DGL Group LLC and DGL Group Ltd. as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. DODOcase, Inc. ("DODOcase") is a corporation formed and existing under the laws of the State of Delaware.

3. DODOcase was founded by Patrick Buckley and Craig Dalton in 2010 in the basement of Patrick Buckley's home. They started the company with the mission of making mobile device accessories that were built by local craftsman. For the past seven years they have been manufacturing and selling mobile device accessories made in the United States of America. Most of their products are built in a factory they built themselves in San Francisco. DODOcase has sold millions of products and is recognized globally as a premium brand for mobile accessories.

4. In 2014, DODOcase anticipated a growing mobile device accessories market, particularly for affordable virtual reality accessories that worked with smartphones. Patrick

Buckley, an MIT trained mechanical engineer and inventor of multiple patents, recognized some breakthrough improvements that could be made to the current state of the art for smartphone virtual reality accessories and filed for patent protection for an innovative way to make a low-cost virtual reality input system for touchscreen devices. DODOcase launched four virtual reality smartphone accessories in 2014 and has since sold over one-million smartphone virtual reality viewers.

5. In 2016, DODOcase was forced to abandon the sale and production of products that used its own patented technology because of severe price pressures resulting from infringers importing competitive products made outside of the United States. While DODOcase continues to sell a line of virtual reality products that are custom-branded for enterprise customers, this price pressure of infringing products caused DODOcase to mostly exit the consumer virtual reality market.

6. DODOcase has been awarded multiple patents for virtual reality technology, including the asserted. DODOcase is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 9,420,075, entitled "Virtual Reality Viewer and Input Mechanism," which issued on August 16, 2016 ("the '075 Patent") (a true and correct copy is attached as Exhibit A); and United States Patent No. 9,723,117, entitled "Virtual Reality Viewer and Input Mechanism," which issued on August 1, 2017 ("the '117 Patent") (a true and correct copy is attached as Exhibit B) (collectively, the "Asserted Patents").

7. Based upon public information, Defendant DGL Group LLC is a Delaware limited liability company with a listed registered agent of Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8. Based upon public information, Defendant DGL Group Ltd. is a New York entity with a listed registered office at DGL Group Ltd., 33 34th Street, 5th Floor, Brooklyn, New York, 11232.

9. Defendants use the business names DGL Group LLC and DGL Group Ltd. interchangeably and are identified collectively herein as "DGL Group." In short, both Defendants are *alter egos* with respect one another. For example, the LinkedIn page "DGL Group LLC" goes on to describe itself as "DGL Group, Ltd" which includes logo and website information; further, their common CEO's page shows both company names. (*See* attached Exhibit C). Both Defendants are personally and individually liable, jointly and severally, on the grounds that DGL Group LLC and DGL Group Ltd. are *alter egos*.

10. DGL Group operates a website at www.dglusa.com, which states: "DGL Group was founded in 2001 with a focus on consumer electronics and reverse logistics. In 2003, we created an Import/Export division to meet retailers' needs in consumer electronics through our own brands." Further: "Based out of Edison, NJ and having offices in Shenzhen, China allows us the ability to source the best materials at the best prices, thereby making us one of the strongest manufacturers in the market." Moreover: "Our customer base spans multiple retail tiers, including but not limited to discount, mass market retail, e-tail and more, covering distribution channels of over 250,000 individual store locations nationwide in every marketplace."

11. Specifically, DGL Group makes, imports, offers to sell and sells the Accused Products subject to this patent infringement action as set forth in more detail below.

## NOTICE TO DGL GROUP

12. On or about November 28, 2016, DODOcase sent an email to DGL Group (via the common CEO of both DGL Group LLC and DGL Group Ltd.) identifying the then-issued '075

Patent and suggesting that DGL Group consider obtaining a license based on at least one of its Accused Products. DGL Group did not respond.

13. On or about February 27, 2017, DODOcase sent a follow-up letter to DGL Group (via the common CEO of both DGL Group LLC and DGL Group Ltd.) reiterating DODOcase's previous position. DGL Group has not yet responded.

**JURISDICTION AND VENUE**

14. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

15. Personal jurisdiction is proper in this Court. Defendant DGL Group LLC is an entity formed and existing under the laws of the State of Delaware. DGL Group Ltd. is an alter ego of DGL Group LLC. Further, Defendants have minimum contacts with the State of Delaware, and Defendants have purposefully availed themselves of the privileges of conducting business in the State of Delaware, including through the sale and offer for sale of the Accused Products throughout the State of Delaware and this Judicial District.

16. Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Defendant DGL Group LLC resides in this Judicial District because it is an entity formed and existing under the laws of the State of Delaware; and because Defendant DGL Group, Ltd. is the *alter ego* of Defendant DGL Group LLC through its open operational relationship with Defendant DGL Group LLC, whereby both Defendants are *alter egos* with respect to each other as considered hereinabove.

**THE ACCUSED PRODUCTS**

17. DGL Group infringed, and continues to infringe, the Asserted Patents by making, selling, offer to sell, and/or importing DGL Group's Virtual Reality Headsets that include a "touchscreen button" (aka "interactive gaming button") including, but not necessarily limited to,

the Hype I-FX brand and model numbers HY-VBT and HY-VRWS (collectively referred to herein as the "Accused Products"). For all purposes relevant to infringement of the Asserted Patents, the foregoing Accused Products operate in the same infringing manner with respect to the asserted claims set forth below, with model differences comprising distinguishing features (*e.g.*, Bluetooth capability).

18. The Accused Products are virtual reality viewers designed to operate with a mobile electronic device having a touchscreen (*e.g.*, "smartphone").

19. The Accused Products include two lenses for viewing the mobile electronic device.

20. The Accused Products comprise a housing configured to receive and hold the mobile electronic device such that the touchscreen is generally centered in a horizontal direction directly in a user's field of view.

21. The Accused Products further include an input mechanism that is accessible on the exterior of the Accused Products.

22. Defendants call this input mechanism an "interactive gaming button" (aka "touchscreen button") in the user manuals for both Accused Products and describe it as follows: "This button is located on the bottom of the headset opposite [of] the volume button. This button is used for Apps that require a button press [when] your headset is on. Simply press the button once to use execute [*sic*] an action in certain Apps."

23. The "interactive gaming button" of the Accused Products, when in a second (or extended) position, contacts the touchscreen of the mobile electronic device within the virtual reality viewer housing.

24. The "interactive gaming button" of the Accused Products comprises a capacitive material to activate the touchscreen of a mobile electronic device.

25. The Accused Products subject to this Complaint necessarily include all substantively similar products (including other virtual reality viewers that comprise an "interactive gaming button" for use with a touchscreen of a mobile electronic device) and any predecessor and/or successor versions of the foregoing.

26. After adequate discovery, DODOcase may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

**COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 9,420,075**

27. JSDQ realleges and incorporates by reference paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. DGL Group's Accused Products have directly infringed, and continue to directly infringe, at least independent claim 1 of the '075 Patent.

**CLAIM 1**

29. DGL Group's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

30. The Accused Products comprise a housing configured to receive the mobile electronic device.

31. Said housing is configured to hold the mobile electronic device such that the touchscreen is generally centered in a horizontal direction and directly in a user's field of view when looking into a generally hollow interior of the housing through a side opposite the touchscreen.

32. The Accused Products include an input mechanism that is accessible from an exterior of the housing and is moveable within the interior between at least a first position and an extended position.

33. Said input mechanism comprises an electrical shield having a surface, wherein only a portion of the surface of the electrical shield is configured to contact a central region of the touchscreen of the mobile electronic device when the input mechanism is in the extended position.

34. Further, the Accused Products likely infringe dependent claims 2-9 of the ‘075 Patent, and the HY-VBT Model likely infringes additional dependent claim 17 of the ‘075 Patent.

35. DGL Group received notice of the ‘075 Patent, and the likelihood of its infringement thereof, at least as early as November of 2016 (as described above). DGL Group again received notice of the ‘075 Patent, and the likelihood of its infringement thereof, as of the filing of this Complaint.

36. To the extent required by law, DODOcase has complied with, and requires each licensee to comply with, the provisions of 35 U.S.C. § 287.

37. DGL Group’s direct infringement as described above has injured and will continue to injure DODOcase as long as such infringement continues.

38. DODOcase is entitled to recover damages adequate to compensate it for such infringement (including lost profits relating to the sale of the competing virtual reality viewers sold by DODOcase) but in no event less than a reasonable royalty for DGL Group’s infringement of the Asserted Patents, together with interest and costs.

39. Based on DGL Group’s notice of likely infringement of at least the ‘075 Patent, there was at least an objectively high likelihood that its actions constituted infringement. Accordingly, DODOcase should be granted discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys’ fees and costs under 35 U.S.C. § 285.

40. There is a substantial threat of irreparable injury from DGL Group’s continued infringement (including DGL Group’s unlawful encumbrance of the property rights granted by the

Asserted Patents, which encumbrance places a cloud over DODOcase's ability to license its patent rights at a fair market value). Accordingly, DGL Group should be enjoined from further infringing activities related to the Asserted Patents.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 9,723,117**

41. DODOcase realleges and incorporates by reference paragraphs 1 through 26, inclusive, as though fully set forth herein.

42. DGL Group's Accused Products have directly infringed, and continue to directly infringe, at least independent claim 12 of the '117 Patent.

**CLAIM 12**

43. DGL Group's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

44. The Accused Products comprise a first lens and a second lens, wherein the first lens is facing the same direction as the second lens, and wherein the first lens and the second lens are spaced apart in a horizontal direction.

45. The Accused Products comprise a housing having a back side configured to be held against or in proximity to a user's face and a front side configured to receive the mobile electronic device, the front side of the housing opposite the back side of the housing such that the touchscreen is viewable from the back side of the housing and through the first lens and the second lens.

46. The Accused Products include a user input that is accessible from an exterior of the housing and has a first position and a second position.

47. The Accused Products include a touchscreen input conductively coupled to the user input and generally centered between the first lens and the second lens in the horizontal direction, wherein, upon receipt of the mobile electronic device, the touchscreen input is in physical contact with the touchscreen when the user input is in the second position.

48. Further, the Accused Products likely infringe dependent claims 13-15 and 20 of the '117 Patent.

49. DGL Group likely had notice of the '117 Patent, and the likelihood of its infringement thereof, as of its issuance in light of its notice of the '075 Patent. However, DGL certainly received notice of the '117 Patent, and the likelihood of its infringement thereof, as of the filing of this Complaint.

50. To the extent required by law, DODOcase has complied with, and requires each licensee to comply with, the provisions of 35 U.S.C. § 287.

51. DGL Group's direct infringement as described above has injured and will continue to injure DODOcase as long as such infringement continues.

52. DODOcase is entitled to recover damages adequate to compensate it for such infringement (including lost profits relating to the sale of the competing virtual reality viewers sold by DODOcase) but in no event less than a reasonable royalty for DGL Group's infringement of the Asserted Patents, together with interest and costs.

53. In the event discovery reveals that DGL Group had notice of likely infringement of the '117 Patent prior to the filing of this Complaint, or in the event DGL Group continues infringement of the '117 Patent after receipt of this Complaint, DODOcase reserves the right to request discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

54. There is a substantial threat of irreparable injury from DGL Group's continued infringement (including DGL Group's unlawful encumbrance of the property rights granted by the Asserted Patents, which encumbrance places a cloud over DODOcase's ability to license its patent

rights at a fair market value). Accordingly, DGL Group should be enjoined from further infringing activities related to the Asserted Patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DODOcase, Inc. respectfully requests this Court to enter judgment against Defendants DGL Group LLC and DGL Group Ltd., jointly and severally – and against each of their subsidiaries, predecessors, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A. The entry of judgment in favor of DODOcase and against DGL Group that the Asserted Patents are valid, enforceable and infringed by DGL Group;

B. An award of damages against DGL Group adequate to compensate DODOcase for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. Injunctive relief preventing further infringement of the Asserted Patents and irreparable injury to DODOcase particularly in view of the competitive relationship of the parties;

D. An accounting of all costs associated with the filing and maintenance of this action incurred by DODOcase;

E. A finding that this case is exceptional based at least on DGL Group's willful infringement of the '075 Patent and an award to DODOcase of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

F. Such other relief to which DODOcase is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff DODOcase, Inc. demands a trial by jury on all issues so triable.

Dated: August 23, 2017

Respectfully submitted,

*Of Counsel:*
Timothy J. Haller
HALLER LAW PLLC
53 West Jackson Boulevard, Suite 1623
Chicago, IL 60604
Phone: (630) 336-4283
haller@haller-iplaw.com

Gabriel I. Opatken
NOBLE IP LLC
418 North Noble Street, Suite No. 4
Chicago, IL 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY, ERNST & JOYCE LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***Attorneys for Plaintiff DODOcase, Inc.***